

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARK KIDD and BUFFIE KIDD**                                      **PLAINTIFFS**

v.                                                   CIVIL ACTION NO.: 1:08cv1443LG-RHW

**STATE FARM FIRE AND CASUALTY
CO., MIKE MEYERS, Individually and as
Agent of STATE FARM FIRE AND
CASUALTY COM., and JOHN DOES 1-10.**           **DEFENDANTS**

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come the Defendants, Mike Meyers and, STATE FARM FIRE AND CASUALTY COMPANY ("State Farm") a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] State Farm files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. State Farm respectfully shows as follows:

---

[1] *See* 42 U.S.C. §4001 *et seq.*

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

1

I.

On August 26, 2008, Plaintiffs, Mark Kidd and Buffie Kidd, filed a lawsuit in the Circuit Court of Hancock County, State of Mississippi, entitled "*Mark Kidd and Buffie Kidd v. State Farm Fire and Casualty Co., Mike Meyers, Individually and as Agent of State Farm Fire and Casualty Com., and John Does 1-10*," bearing case number 08-0448. A true and correct copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit "A."

II.

For the reasons that follow, State Farm hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331, 28 U.S.C. §1367 and 28 U.S.C. §1332.

**A.    REVIEW OF PLAINTIFFS' COMPLAINT**

1. At paragraphs 11 and 12, Plaintiffs allege that prior to August 29, 2005, they purchased property located at 1101 Taranto Street, Waveland, MS, purchasing insurance coverage through Defendant Meyers, including a flood policy for the subject property which coverage was in full force and effect at the time of Hurricane Katrina.

2. At paragraph 14, Plaintiffs allege that Defendant Meyers provided the Plaintiffs with a price quote on flood insurance, which included limits of liability of $125,000.00 for the dwelling and $50,000.00 for the personal property.

3. At paragraph 16, Plaintiffs allege that if they had been aware that additional coverage was available for a minimal increase in premium, they would have purchased the increased coverage as their intent was to fully insure their property.

4. At paragraph 18, Plaintiffs allege that based on the representations made by State Farm and Agent Meyers and the express policy provisions, Plaintiffs had reasonable expectation that the combined policies would provide full and comprehensive coverage for all water damage to the insured residence and relied upon the Defendants' representations made as to the contracts for insurance.

5. At paragraph 24, Plaintiffs allege that on August 29, 2005, Hurricane Katrina caused substantial damage to the property that is subject of this suit.

6. At paragraph 26, Plaintiffs allege that on or about September 12, 2500, a State Farm adjuster consistently undervalued the dollar amount of their claims during the adjustment period.

7. At paragraph 27, Plaintiffs allege that though State Farm paid policy limits under their personal property coverage of their flood policy, it continued to deny the balance of Plaintiffs' claims.

8. At paragraph 28, Plaintiffs allege that they have incurred substantial out-of-pocket, un-reimbursed expenses resulting from wrongful denial of their insurance claim.

9. At paragraph 31, Plaintiffs allege that Defendants acted with negligence, gross negligence, willful disregard and/or malice by failing to monitor actions of its officers, employees and/or agents; negligently failing to pay Plaintiffs for covered claims; negligently failing to train its insurance agents and/or adjusters to properly handle the insurance needs of their customers; negligently failing to properly follow and/or apply industry standards as well as their own corporate rules, regulations, policies and procedures in adjusting and honoring Plaintiffs' claims; negligently failing to explain the subject insurance policy to the Plaintiffs; and negligently failing to properly follow and/or apply industry standards as to the

inspection, evaluation and adjustment of Plaintiffs' claim reported, causing damage.

10. At paragraphs 35, 36 and 37, Plaintiffs allege that Defendant Meyers breached his duties to: procure sufficient flood coverage to protect Plaintiffs in the event of a hurricane; to recommend or procure for Plaintiffs insurance that would provide full and comprehensive coverage for the property damage caused by Hurricane Katrina, which negligently and/or gross negligently caused damages.

11. At paragraphs 41 and 42, Plaintiffs allege that Defendants breached their fiduciary duty owed to Plaintiffs in that they misrepresented the terms of the insurance policy which they induced the Plaintiffs to purchase and refused to honor the terms of the policy marketed, sold, issued and delivered to Plaintiffs. Moreover, the Plaintiffs allege that they were under the reasonable belief, created by Defendant Meyers, that the purchase of hurricane coverage was sufficient to cover any losses to their home and additional properties for losses suffered during a hurricane, which proximately caused Plaintiffs' damages.

12. At paragraphs 45 and 46, Plaintiffs allege that the Defendants breached their contract of insurance by denying full coverage for the damage to Plaintiffs' property even though they have proven to Defendants that their damages have exceeded the contracted amount.

13. At paragraph 51, Plaintiffs allege that Defendants acted with negligence, gross negligence, willful disregard and/or malice in refusing to pay the claims submitted by the Plaintiffs, which entitles them to punitive damages.

14. At paragraphs 53 and 54, Plaintiffs allege that the acts and omissions of the Defendants amounted to the tort of intentional infliction of emotional distress, in that,

among other things, the Defendants knew that their actions in wrongfully and maliciously denying coverage to the Plaintiffs placed them under enormous financial and emotional stress, resulting in further damage and personal injury, and Defendants; refusal to compensate Plaintiffs for their loss greatly increased their emotional anguish, leading to adverse physical manifestations resulting from emotional distress.

15. At paragraph 56, Plaintiffs allege that they reasonably relied to their detriment on the misrepresentations concerning material facts made by the Defendants, and the concealment of material facts by the Defendants.

16. At paragraphs 62 and 63, Plaintiffs allege that declaratory judgment is necessary because State Farm has wrongfully refused to provide the contractually-mandated amount of coverage for Plaintiffs' claims.

17. At paragraphs 66 and 67, Plaintiffs allege that a declaration that the subject policy provides full insurance coverage for all damages to their insured residence, property and loss of use caused by Hurricane Katrina is necessary based on the representations made by State Farm and Defendant Meyers, and the express subject policy coverage provisions, whether it be by hurricane winds, storm surge, or both.

18. At paragraphs 71 and 72, Plaintiffs allege that as a proximate result of State Farm's denial, Plaintiffs have been forced to pay, and will continue to pay, a substantial amount of their own money out of their pocket for their loss of use of the insured residence as well as hundreds of thousands of dollars to rebuild and/or replace destroyed property, and are therefore entitled to indemnity from State Farm for all sums they have expended and will be required to expend, as well as debt they will be required to incur.

19. At paragraphs 76 and 77, Plaintiffs allege that they are entitled to damages resulting from State Farm's unjust enrichment as a proximate cause of State Farm's false representations and refusal to provide full insurance coverage for the damage to the Plaintiffs' property in which State Farm is in possession of insurance premiums and other monies that in equity should not be entitled to retain.

20. At paragraphs 79 and 80, Plaintiffs allege that they are entitled to specific performance of the insurance contract due to the fact that they contracted for and paid valuable consideration for.

21. At paragraph 85, Plaintiffs allege that they are entitled to punitive damages based upon the reprehensible actions of the Defendants in failing to perform their duties under the contract and the fiduciary duty owed to the Plaintiffs as well as recovering punitive damages as a deterrent to other similar businesses/corporations located withe the State of Mississippi for the protection of citizens rights and livelihood.

**B.   THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

22. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

23. State Farm, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

24.     State Farm cannot waive, alter or amend any of the provisions of the SFIP. See 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2004 edition).

25.     Further, State Farm has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. §62.23.

26.     State Farm's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is clear that State Farm, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1).

27.     All flood claim payments made by a WYO Program carrier, such as State Farm, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III. The Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, *citing to In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987). The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001).

28.     Effective October 1, 2004, there was a revised "Arrangement" between FEMA and all WYO Program carriers, including State Farm. In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds,

and (c) governed by extensive federal regulations.

29. Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

30. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979). In *West*, 573 F.2d at 881, the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

C.   **FEDERAL JURISDICTION**

   **(1). 42 U.S.C. §4072 – Original Exclusive Jurisdiction**

31. 42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims involving the administration of an existing flood policy and claims handling matters under the flood

policy. *See Catchot v. Nationwide Ins. Co., et al.*, Civil Action No. 1:06CV677-LTS-RHW (S.D.Miss. Nov. 14, 2007), *Jones v. Mississippi Farm Bureau Mutual Ins. Co., et al.*, 2007 WL 3010336, Civil Action No. 1:06CV734-LTS-RHW (S.D.Miss. Oct. 10, 2007), and *Nilson v. Nationwide Mutual Ins. Co., et al.*, 2008 WL 3200681, Civil Action No. 1:07CV0990-LTS-RHW (S.D.Miss. Aug. 6, 2008).

32. Plaintiffs are aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly State Farm is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiffs were fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiffs are charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

**(2). 28 U.S.C. §1331 - Federal Question Jurisdiction**

33. State Farm asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

34.  In order to determine what, if any, U.S. Treasury benefits the Plaintiffs may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as other federal laws, regulations and statutes. Federal common law governs the interpretation of the SFIP, and courts must "interpret the SFIP in accordance with its plain, unambiguous meaning." *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3rd Cir. 1999). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

35.  Clearly, the payment that the Plaintiffs seek from State Farm under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

36.  Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), State Farm asserts that there are multiple federal questions presented within the Plaintiffs' Complaint thereby making the action removable pursuant to 28 U.S.C. §1331.

**D.  THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

37.  To the extent that any of the claims of the Plaintiffs are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part

of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

38. All of the claims put at issue in the Plaintiffs' Complaint arise from the property damage that they allegedly sustained as a result of Hurricane Katrina, and from their efforts to obtain flood insurance benefits as a result of that loss. As such, all of the Plaintiffs' legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g., Nilson v. Nationwide Mutual Ins. Co., et al.*, 2008 WL 3200681, Civil Action No. 1:07CV0990-LTS-RHW (S.D.Miss. Aug. 6, 2008) and *Winkler v. State Farm Fire and Cas. Co.*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler*, 266 F.Supp.2d at 514.

E.  **SEPARATE AND INDEPENDENT FEDERAL CLAIM**

39. Plaintiffs' claims against State Farm under the SFIP involve an obligation distinct and separate from the claims made against the co-Defendant Meyers. More particularly:

   a.  The SFIP issued by State Farm is governed by federal law and flood claims are paid with U.S. Treasury funds;

   b.  The insurance policy at issue is an SFIP which is codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1);

    c.    Plaintiffs' claims as to how State Farm handled and administered the existing SFIP and adjusted the Plaintiffs' flood loss claim are independent of Plaintiffs' claims against the co-Defendant Meyers. As such, Plaintiffs' claims as to State Farm's administering the existing flood policy and handling of the flood loss claim under the SFIP and denial of any federal benefits under the SFIP can only be removed by the WYO Program carrier State Farm.

40. Removal of such claims is allowed pursuant to 28 U.S.C. §1331, which provides in pertinent part:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters in which state law predominates.

41. Thus, regardless of the other claims against the co-Defendant Meyers, if this Court finds one federal claim that is separate and independent as to State Farm, then this Court has jurisdiction and this removal is proper.

**F.    PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

42. State Farm notes that its first knowledge or notice of the suit was on November 3, 2008, a copy of which is attached hereto as part of Exhibit A. Co-Defendant Meyers was also served on November 3, 2008.

43. As per *Hibernia Community Development Corp., Inc. v. U.S.E. Community Services Group, Inc.*, 166 F.Supp.2d 511, 513 (E.D.La. 2001), the 30-day period in which to remove does not commence running until the defendant is actually served. State Farm was served with the lawsuit on November 3, 2008. This Notice of Removal is filed on

December 1, 2008. Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

44.     For the reasons discussed above and herein, Plaintiffs' claims for payment of flood damages under an existing SFIP issued by State Farm raise federal questions that are separate and independent from all other claims made in this lawsuit. Therefore, consent to removal of co-Defendant Meyers is not required under 28 U.S.C. §1441(c). *See Henry v. Independent American Savings Assoc.*, 857 F.2d 995, 999 (5th Cir. 1998). For a discussion involving a separate and independent claim under the NFIP, please see *Coats v. Reboul*, et al, 2007 WL 54816 (E.D.La., Jan. 04, 2007) and *Ripoll v. White*, 2006 WL 3406733 (E.D.La., Nov. 20, 2006).

45.     However, out of an abundance of caution, co-Defendant Meyers consents to the removal of this lawsuit to federal court.

46.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

47.     Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on State Farm to date.

G.     **DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 ALSO EXISTS**

   **(1).Improper   [4] Joinder of Defendant Meyers**

48.     As this Court is well aware, proper removal of an action based on diversity jurisdiction is first determined by reviewing the specific allegations stated against the

---

[4]Sometimes also referred to as fraudulent joinder.

non-diverse defendant in the complaint. If the complaint "...does not give rise to an arguably reasonable basis for predicting that state law might impose liability on the non-diverse defendant under the facts alleged, the Fifth Circuit has held that the claim is deemed fraudulent, and lack of diversity will not prevent removal." *Gray v. United States Fidelity & Guaranty*, 646 F. Supp. 27, 29 (S.D. Miss. 1986).

49. In their Complaint, the Plaintiffs allege that Defendant Meyers failed to procure insurance sufficient to protect Plaintiffs in the event of a hurricane. However, federal law requires that a completed and signed flood insurance application accompanied by the premium due are prerequisites to issue flood insurance coverage under the National Flood Insurance Program. The Plaintiffs had actual notice of the amount of flood insurance procured on their behalf and at their request. They were further aware of the published maximum coverage amounts provided by the NFIP. As a result, no such state-law based claim for a failure to procure can be made against Defendant Meyers.

50. In reference to Agent Meyers, the Plaintiffs' Complaint amounts to no more than conclusory allegations for which Defendant Meyers can bear no individual liability under Mississippi law given the mandates of the National Flood Insurance Program and the notice provided to Plaintiffs regarding the limits and the terms and conditions of their policies. The statements and allegations against Defendant Meyers all relate to an alleged fiduciary duty which is not owed to the Plaintiffs by Meyers. With no duty owed to execute documents on their behalf as to insurance needs, Meyers could not have procured flood insurance as the Plaintiffs' Complaint suggests. Therefore, no individual claim against Defendant Meyers can survive judicial scrutiny.

51.     Plaintiffs plead that Defendant Meyers failed to advise the Plaintiffs what their policies did and did not cover and any additional insurance that they might need. In *Barhonovich v. American Nat'l Ins. Co.*, 947 F.2d 775, 778 (S.D. Miss. 1991), this Court held that where an insured alleged representations by an insurance agent which were in conflict with the clear terms of the policy, the insured could not rely upon those alleged misrepresentations. See also, *Crowe v. Commercial Union Ins. Co., et al.*, 1999 U.S. Dist. LEXIS 15390 at *6 (agent fraudulently joined where complaint alleged conduct collectively on part of carrier and agent and where claims were ultimately based on refusal to pay claim); *Alliston v. Omega Ins. Co., et al.*, 983 F.Supp. 675, 677 (S.D. Miss. 1997) (agent was fraudulently joined where there could be no recovery for misrepresentation as to coverage). Had the Plaintiffs read the policies, they would have known what the policies covered. In addition, the Plaintiffs are charged with knowledge of the NFIP, and as such would be aware of the coverages and terms and conditions of providing same for their property.

52.     Because this Court cannot "guess" as to any claim which might be asserted against Defendant Meyers, but must instead adhere to the exact claims asserted by the Plaintiffs, there can be no grounds for concluding that the Plaintiffs' Complaint gives rise to any arguably reasonable basis for predicting that Mississippi law might impose liability on Meyers. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 261-63 (5th Cir. 1995) (refusing to apply rule that a complaint will not be dismissed for technical pleading defects, and refusing to "pierce the pleadings" to determine whether a claim had been stated against the non-diverse defendant under a legal theory not alleged in the state court

complaint). Clearly, Meyers cannot be held liable for an alleged breach of duty not owed.

53.     As demonstrated herein, Plaintiffs assert no independent, legally cognizable grounds for a claim against Meyers given the Plaintiffs' own obligations under the National Flood Insurance Program, and the Complaint does not give rise to any arguably reasonable basis for predicting that Mississippi law might impose liability on her. Under the fraudulent joinder doctrine, therefore, Defendant Meyers cannot be regarded as a genuine party for determining whether diversity jurisdiction exists

**(2).Required Amount in Controversy Exists Here.**

54.     This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332, with the satisfaction of the first prong of the jurisdictional statute, as there exists complete diversity of citizenship between the parties properly joined. The second prong of Section 1332 has also been met as the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In their *ad damnum* clause, the Plaintiffs seek "full insurance coverage" for damages to their residence and contents, contractual damages, emotional distress damages and punitive damages deemed appropriate by the Court. See Exhibit "A," Complaint at pp. 15-16.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED** Defendants, State Farm Fire and Casualty Company, and Mike Meyers, by consent, pray that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

**RESPECTFULLY SUBMITTED**, this the 1st day of December, 2008.

        STATE FARM FIRE AND CASUALTY COMPANY,
        and MIKE MEYERS, Defendants

        BY:  ALLEN, COBB, HOOD & ATKINSON, P.A.

        BY: _____
              SHERRIE L. MOORE, MSB #10723

ALLEN, COBB, HOOD & ATKINSON, P.A.
Attorneys at Law
One Hancock Plaza, Suite 1212
Post Office Drawer 4108
Gulfport, MS  39502
Telephone: (228) 864-4011
Facsimile:  (228) 864-4852
Email: smoore@achalaw.com

17

## CERTIFICATE OF SERVICE

I, Sherrie L. Moore, do hereby certify that I have this day served via U. S. Mail a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** to counsel for Plaintiffs having made an appearance in this action as follows:

**ATTORNEYS FOR PLAINTIFFS:**

>John Hawkins, Esq.
>Edward Gibson, Esq.
>BARIA, HAWKINS & STRACENER, PLLC
>544 Main Street
>Bay St. Louis, MS 39520

>Brehm T. Bell, Esq.
>544 Main Street
>Bay St. Louis, MS 39520

THIS, the 1st day of December, 2008.

SHERRIE L. MOORE