**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MARK KIDD and BUFFIE KIDD** **PLAINTIFFS**

**v.** **CIVIL ACTION NO.: 1:08cv1443-LG-RHW**

**STATE FARM FIRE AND CASUALTY
CO., and JOHN DOES 1-10.** **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Defendant, State Farm Fire and Casualty Company ("State Farm"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA"),[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] files the following Memorandum in Support of its Motion for Summary Judgment. Based on the points to be raised within this memorandum, the Plaintiffs' claims against State Farm fail, because there is no genuine issue of material fact; and, thus, summary judgment is proper as a matter of law.

---

1 42 U.S.C. §4001*, et seq*.
2 44 C.F.R. § 62.23(f).
3 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

As this Honorable Court will find, Plaintiffs did not support their current claim for further federal benefits under their Standard Flood Insurance Policy ("SFIP") by submitting a Proof of Loss attesting to a sum certain as mandated by Article VII(J)(4) of the SFIP within the ten (10) month extension of the normal sixty (60) day Proof of Loss deadline that was issued by FEMA shortly after Hurricane Katrina occurred.[4] In *Marseilles Homeowner's Condominium Association, Inc. v. Fidelity National Ins. Co.,* 542 F.3d 1053 (5th Cir. 2008), the Fifth Circuit addressed the FEMA bulletin extending the deadlines for filing a Proof of Loss to one-year from the date of the loss. The Fifth Circuit upheld the district court's ruling that an insured contesting the settlement of his flood claim has one year to present a proper signed and sworn Proof of Loss. *Id.*

Also, as per six (6) other Fifth Circuit decisions, no other facts are material to this motion for no further benefits are payable under the Plaintiff's SFIP. See *Wientjes v. American Bankers Insurance Company of Florida*, 2009 WL 2391407 (5th Cir. 2009); *Marseilles Homeowners Condominium Association, Inc. v. Fidelity National Insurance Company*, 542 F.3d 1053 (5th Cir. 2008); *Richardson v. American Bankers Ins. Co. of Fla*., 2008 WL 510518, (5th Cir. 2008); *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005); *4-Mali, L.L.C. v. Bankers Insurance Company*, 2003 WL 22945736 (5th Cir. 2003); *Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998); and *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998).

Further, the USDC for the Southern District of Mississippi as well as this Honorable Court have previously held that an insured's failure to submit a sworn timely Proof of Loss bars recovery. See *Eaker v. State Farm Fire and Cas. Ins. Co.*, 216 F.Supp.2d 606, 618 (S.D. Miss. 9/17/01) (Guirola); *Paulk v. Balboa Ins. Co.*, 2006 WL 1994864, *2 (S.D. Miss. 7/14/06) (Guirola); *Evans v. State Fam Fire and Cas. Co.*, 2007 WL 2783323, *4 (S.D. Miss. 9/21/07)

[4] *See* Exhibit A, Affidavit of Mark Owen, No. 17.

(Senter); *Dickens v. State Farm Fire & Cas. Co.*, (S.D. Miss 9/25/02) No. 1:01cv404GR, p. 6 (Gex); *Howard v. Director of FEMA*, 960 F. Supp. 1095, 1101 (S.D.Miss.1996) (Barbour).

**LEGAL STRUCTURE OF THE NFIP**

The NFIP is a creature of the U.S. Congress, administered by the Federal Emergency Management Agency ("FEMA") and the Federal Insurance Administration ("FIA"), and underwritten by the U.S. Treasury. All flood loss claims presented under the NFIP are paid directly with U.S. Treasury funds, regardless of whether the policy is issued by the government directly, or by a WYO Program carrier.[5]

The Standard Flood Insurance Policy ("SFIP") is written by the federal government. State Farm is a WYO Program carrier authorized to issue the SFIP under its logo pursuant to the "Arrangement"[6] between itself and FEMA. As a matter of federal law, State Farm may not alter, amend, or waive any provision or condition of the SFIP. The sole authority is the Federal Insurance Administrator and the waiver must be expressed and in writing.[7] Due to the statutory scheme of the NFIP and the fact that U.S. Treasury funds are at stake, strict adherence to the conditions precedent for the payment of a claim is constitutionally required.[8] To make payments not in strict compliance with the SFIP would be contrary to Congress's mandate and would violate the Appropriations Clause of the Constitution.[9]

**FACTS**

On or about August 29, 2005, Hurricane Katrina struck southern Mississippi, causing flood damage to the property located at 1101 Taranto St., Waveland, Mississippi.[10] Mark and

---

[5] *See* 44 C.F.R. Pt. 62, App. A, Art. III(D)(1) and *Gowland*, 143 F.3d at 955.
[6] 44 C.F.R. Pt. 62, App. A.
[7] *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII(D) and 44 C.F.R. §61.13(d).
[8] *Gowland,* 143 F.3d at 953.
[9] *Id*. at 955.
[10] *See* Plaintiffs' Complaint for Damages, Section IV, ¶ 22.

Buffie Kidd were the named insureds under SFIP No. 24-RC-0070-2 issued through State Farm for the property located at 1101 Taranto St., Waveland, Mississippi.[11] At the time of the loss, the coverage limits under SFIP No. 24-RC-0070-2 were $125,000.00 for Coverage A or dwelling coverage and $50,000.00 for Coverage B or contents coverage with a deductible of $500.00 each.[12]

Following Hurricane Katrina, Plaintiffs made a claim for flood damages for their property located at 1101 Taranto St., Waveland, Mississippi under SFIP No. 24-RC-0070-2.[13] Upon receipt of the flood loss claim, State Farm commenced the process of adjusting the claim pursuant to the applicable federal rules promulgated by FEMA on authority of 42 U.S.C. §4019.[14] On September 8, 2005, State Farm issued an advance draft to the Plaintiffs in the amount of $2,500.00 pursuant to Coverage B, or contents coverage.[15] On September 27, 2005, State Farm issued a draft to the Plaintiffs in the amount of $47,500.00 pursuant to Coverage B, or the remainder of Plaintiffs' contents coverage.[16] On October 17, 2005, State Farm issued a draft to the Plaintiffs in the amount of $92,108.67 pursuant to Coverage A or dwelling coverage.[17]

On August 26, 2008, Plaintiffs filed suit against State Farm[18] alleging that State Farm failed to pay for all of the flood damages sustained from Hurricane Katrina.[19]

Notably, prior to filing the instant lawsuit, Plaintiffs never submitted a timely signed and sworn Proof of Loss to State Farm as required by Article VII(J)(4) of the SFIP.[20] Further, prior

---

[11] *See* Complaint for Damages, Section IV, ¶18; *See* also Ex. A, Affidavit of Mark Owen, Nos. 10 and 11, along.with attached Declarations Page for SFIP No. 24-RC-0070-2.
[12] *See* Exhibit A, attached Declarations Page.
[13] *See* Complaint for Damages, Section IV, ¶ 25; *See* also Ex. A, No. 12.
[14] *See* Ex. A, No. 13; **See** also Complaint for Damages, Section IV, ¶26.
[15] *See* Exhibit B; *See* also Ex. A, No. 14.
[16] *See* Exhibit C.; *See* also Ex. A, No. 15.
[17] *See* Exhibit D; *See* also Ex. A, No. 16.
[18] Please note that Agent Mike Meyers has been dismissed from the instant lawsuit, Court Dkt. No. 18.
[19] See Complaint for Damages, Section IV, ¶¶26 through 29.
[20] *See* Ex. A, No. 17.

to filing the instant lawsuit, Plaintiffs never submitted any type of documentation in support of their claim for further federal benefits.[21] State Farm contends that Plaintiffs are not owed any further federal funds under their SFIP as they failed to meet the conditions precedent prior to filing suit which are failure to submit a timely sworn Proof of Loss and failure to provide documentation in conjunction with a Proof of Loss. For these reasons and the reasons stated herein, State Farm prays that this Honorable Court will issue an Order dismissing this lawsuit in its entirety, with prejudice, and at the Plaintiffs' costs.

## LAW AND ARGUMENT

### I. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material facts, and the moving party is entitled to judgment as a matter of law.[22] In the instant case, an examination of the pleadings and evidence presented shall demonstrate that there are no genuine issues as to any material facts, and State Farm is entitled to judgment as a matter of law.

### II. Proof of Loss

The proof of loss provision is found at Article VII(J)(4) which provides as follows:

J. Requirements in Case of Loss.

In case of a flood loss to insured property, you must:

4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

    a. The date and time of loss;
    b. A brief explanation of how the loss happened;
    c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
    d. Details of any other insurance that may cover the loss;

[21] *See* Ex. A, No. 18.
[22] FRCP 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

e. Changes in title or occupancy of the covered property during the term of the policy;
f. Specifications of damaged buildings and detailed repair estimates;
g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
h. Details about who occupied any insured building at the time of loss and for what purpose; and
i. The inventory of damaged personal property described in J.3. above.

Two underlying precepts govern how the courts have consistently approached the analysis of the NFIP Proof of Loss requirement. The first is "uniformity of decision." Since 1978, when the original Fifth Circuit decided *West v. Harris,* 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1424 (1979), the courts have consistently recognized the importance of a nationally-uniform rule of law governing claims disputes involving the NFIP:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.
>
> * * *
>
> In sum, federal law controls disputes over the coverage of insurance policies issued pursuant to the National Flood Insurance Act of 1968 regardless of whether the district court exercises jurisdiction under 42 U.S.C.A. §4053[23] or under 28 U.S.C.A. §1332. Congress has undertaken to establish a comprehensive flood insurance program under the control of the department of HUD to achieve policies national in scope, and the interest in uniformity of decisions compels the application of federal law. *Id*. at 881-82[24]

The second precept arises from the Supreme Court's holdings concerning the Appropriations Clause in *Office of Personnel Mgmt. v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465,

---

[23] *West* was announced while the Program was operating under Part A of the Act via an insurance pool operation. From 1978 to the present, the Program has been operating under Part B. Accordingly, the correct jurisdictional predicate is 42 U.S.C. §4072. *Webb v. Aetna,* 1997 WL 433500, FN2 (E.D. La. July 31, 2007)(Fallon, J.).

[24] *See Flick v. Liberty Mutual Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000), *cert denied* 531 U.S. 927 (2000), noting, based upon *West, supra*, that "there is a compelling interest in assuring uniformity of decision in cases involving the NFIP."

110 L.Ed.2d 387 (1990). *Richmond* was the foundation of the Fifth Circuit's 1998 holding in *Gowland*, wherein the court held that the federal judiciary was without power to order a disbursement of funds under an SFIP issued by a private insurance company where the proof of loss requirement had not been complied with by the insured:

> Although the Gowlands' policy was written by Aetna, a private insurance company, payments made pursuant to that policy are "a direct charge on the public treasury." [FN7] When federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution. "Any exercise of a power granted by the Constitution to one of the other branches of government is limited by valid reservation of congressional control over funds in the Treasury." [FN8][25] To date, the Supreme Court has not upheld an estoppel claim resulting in the payment of money out of the Treasury.
>
> **CONCLUSION**
>
> We find that the theories of substantial compliance, waiver, and equitable estoppel are inapplicable to the facts presented herein. While this result may seem harsh in light of the Gowlands' ongoing negotiations with Aetna, we must remind that the National Flood Insurance Program is federally subsidized and enable consumers to obtain flood insurance which virtually would be impossible to purchase in the marketplace. Requiring the Gowlands to turn square corners when dealing with the Treasury "does not reflect a callous outlook. It merely expresses the duty of all courts to observe the conditions defined by Congress for charging the public Treasury." [FN9] Accordingly, the judgment of the district court must be and is AFFIRMED.[26]

The constitutional predicate to the federal judiciary's unwavering strict enforcement of the NFIP proof of loss requirement was discussed by the Ninth Circuit in *Flick v. Liberty Mutual Fire Ins. Co.,* 205 F.3d 386 (9th Cir. 2000) as follows:

> It is an axiomatic principle of constitutional law that the judiciary's power is limited by a valid reservation of congressional control over public funds. See *Richmond,* 496 U.S. at 425, 110 S.Ct. 2465. 'Any exercise of a power granted by the Constitution to one of the other branches of Government is limited by a valid reservation of congressional control over funds in the Treasury.' Indeed, we would equally usurp Congress's exclusive power to appropriate money were we to award an unauthorized money claim based on a theory of substantial

[25] Footnote 8 in *Gowland* refers to *OPM v. Richmond*.

[26] *Gowland,* 143 F.3d at 955.

> compliance or notice prejudice. We therefore interpret *Richmond* to preclude a court from granting a remedy that draws funds from the Treasury in a manner that is not authorized by Congress.[27]

In addition to *Gowland*, the Fifth Circuit has held that the proof of loss requirement must be strictly construed and that failure to do so bars recovery.[28]

The Fifth Circuit in *Richardson v. American Bankers Ins. Co.*, 2008 WL 510518 (5th Cir. Feb. 27, 2008) addressed a Hurricane Katrina flood claim and the one (1) year extension by FEMA to submit a proof of loss. In *Richardson*, the plaintiff was insured by an SFIP through American Bankers Insurance Company and sustained flood damage to his property.[29] The plaintiff filed a claim under his flood policy and was paid $16,125.50 by American's adjuster.[30] The plaintiff disagreed with American's payment and submitted invoices and estimates to American requesting in writing that he be paid an additional $12,900.00.[31] However, the plaintiff never submitted a proof of loss for the additional payments and American denied any additional payment.[32] As a result, the plaintiff filed suit against American and American subsequently moved for summary judgment on the ground that the plaintiff did not support his claim for additional benefits with a sworn proof of loss.[33] The lower court granted American's summary judgment and the plaintiff appealed.

On appeal, the plaintiff argued that the district court erred in applying the strict proof of loss requirement in a case in which he submitted a claim for losses under his policy, the insurer

---

27 *Flick*, 205 F.3d at 391.
28 *See Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998); *4-Mail, LLC v. Bankers Ins. Co.*, 82 Fed.Appx. 970, 2003 WL 22945736 (5th Cir. (La.) Dec. 11, 2003); and *Wright v. Allstate Ins. Co.,* 415 F.3d 384 (5th Cir. 2005).
29 2008 WL 510518 at *1.
30 *Id* at *1.
31 *Id*.
32 *Id*.
33 *Id*.

paid the claim, and the only issue in dispute is the amount of payment.[34] The Fifth Circuit ultimately affirmed the lower court's decision and dismissed plaintiff's arguments by holding:

> Richardson's position is contrary to federal statutory law, the Administrator's Waiver, and our precedent. Pursuant to the waiver, after Katrina, insureds with SFIP coverage could receive payment for losses based on an adjuster's report without submitting a sworn POL within the normal 60-day statutory period. But if the policyholder disagreed with the insurer's calculation of the amount owed, the policyholder had to submit to the insurer a sworn POL within one year of the date of loss.
>
> **This is a strict requirement. The regulations say that a NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with *all* of the policy's requirements, including the POL requirement.** 44 C.F.R. Pt.61, App.(A)(1), arts. VII(J), VII( R). In *Gowland*, we explained that the POL requirement contained in a provision of an insurance policy issued pursuant to a federal program must be 'strictly construed and enforced.' 143 F.3d at 954.[35] (emphasis added).

In *Marseilles Homeowner's Condominium Association, Inc. v. Fidelity National Ins. Co.,* 542 F.3d 1053 (5th Cir. 2008), the Fifth Circuit held that under the National Flood Insurance Program, an insured cannot file a lawsuit seeking further federal benefits under the policy unless the insured can show prior compliance with all policy requirements. The Fifth Circuit noted that *Marseilles* failed to submit a sworn proof of loss, which is a condition precedent to bringing the instant litigation:

> Because "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, …an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."

*Marseilles, 542 F. 3d* at *3 (quoting *Gowland*, 143 F. 3d at 954).

* * *

---

[34] *Id*. at *2.
[35] *Id*.

> Because *Marseilles'* argument is unavailing in light of this Court's precedent, we conclude that the district court properly found that the proof-of-loss requirement precluded the claim.[36]

Likewise, every circuit that has addressed the proof of loss issue has strictly construed and enforced the proof of loss requirement and uniformly held that failure to timely submit a proof of loss bars recovery.[37]

Most recently, in *Wientjes v. American Bankers Insurance Company of Florida*, 2009 WL 2391407 (5th Cir. 2009), the Fifth Circuit affirmed the district court's decision granting summary judgment on the issue of the insured's failure to submit a proof of loss. In *Wientjes*, the plaintiffs argued they were not required to submit a proof of loss prior to filing suit on their claims and the FEMA's press release issued on September 20, 2005 waived the proof of loss requirement for recovery of damages caused by Hurricane Katrina. The Fifth Circuit rejected plaintiffs' argument and held that the proof of loss requirement applied to plaintiffs' claims and this requirement was not met. In addition, the Fifth Circuit held that plaintiffs' arguments that American Bankers or FEMA should be equitably estopped from enforcing such a requirement are foreclosed by the decision reached in *Marseilles Homeowner's Condominium Association, Inc. v. Fidelity National Ins. Co.,* 542 F.3d 1053 (5th Cir. 2008).

Further, this Honorable Court in *Eaker v. State Farm Fire and Cas. Ins. Co.*, 216 F.Supp.2d 606, *617(S.D. Miss. 9/17/01) found that "The SFIP unequivocally requires that the insured submit a proof of loss within 60 days after the loss, "which is the [insured's] statement as to the amount [the insured] is claiming under the policy signed and sworn to by [the insured]…"

---

[36] *Marseilles* at *5.

[37] *See Suopys v. Omaha Prop. and Cas. Ins. Co.,* 404 F.3d 805 (3d Cir. 2004); *Dawkins v. Witt*, 318 F.3d 606 (4th Cir. 2003), *cert. denied*, 539 U.S. 960,123 S.Ct. 2653 (2003); *Neuser v. Hocker*, 246 F.3d 508 (6th Cir. 2001); *Mancini v. Redland Ins. Co.*, 248 F.3d 729 (8th Cir. 2001); *Flick*, *supra*; *Sanz v. U.S. Security Ins. Co.*, 328 F.3d 1314 (11th Cir. 2003); and *Shuford v. Fidelity National Prop. & Cas. Ins. Co.*, 508 F.3d 1337 (11th Cir. 2007); *Evanoff v.Standard Fire Ins. Co*., 534 F. 3d 516, 2008 WL 2776685 (C.A. 6(Ohio), July 18, 2008); *Phelps v. FEMA,* 785 F. 2d 13 (1st Cir. 1986).

(SFIP, Art. 9, §J, p. 14). The Plaintiffs failed in their obligation to file a proof of loss and as such, all claims are preempted under the flood policy are barred."[38] The plaintiff in *Eaker*, as in the instant case, failed to submit a Proof of Loss in support of his claim for further federal benefits prior to filing a lawsuit. This Honorable Court quoted to the policy language found in SFIP, Art. 9, ¶R, pg. 16, in *Eaker*, 216 F. Supp 2d at 618, and found that "Plaintiffs' failure to submit a proof of loss of their claim means that they have not complied with the policy requirements and, for that reason, they have not met the condition required for bringing an action to recover under the policy. Because Plaintiffs have not met this condition precedent, they may not maintain this action, and all causes of action under the flood policy should be dismissed."

In the instant matter, as in *Eaker* and *Paulk*, Plaintiffs failed to submit a signed and sworn proof of loss in support of their claim for further flood damages.[39] Further, since the filing of the instant lawsuit, Plaintiffs have not submitted a Proof of Loss or evidence that a Proof of Loss was submitted to State Farm. Thus, based on the seven (7) Fifth Circuit decisions in *Forman*, *Gowland*, *Wright*, *Richardson*, *Marseilles, 4-Mail,* and *Wientjes* and this Honorable Court's decisions in *Eaker* and *Paulk*, Plaintiffs are barred from recovery.

## III. Documentation

In addition to timely submitting a signed and sworn proof of loss, Plaintiffs are required to submit documentation in support of the amount claimed pursuant to Articles VII(J)(3), and VII(J)(4)(f) of the SFIP. Articles VII(J)(3) and VII(J)(4)(f) provide:

J. Requirements in Case of Loss.

In case of a flood loss to insured property, you must:

---

[38] Though *Eaker* is a pre-Hurricane Katrina lawsuit, looking at the requisite 60 day time limit in which to submit a Proof of Loss rather than the previously discussed one (1) year extension granted by FEMA in connection with Hurricane Katrina, as in the instant suit, the analysis is still the same.

[39] *See* Ex. A, No. 17.

3. **Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents.**

…

4. Within 60 days after the loss, send us a Proof of Loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you (emphasis added), and which furnishes us with the following information:

   . . .

   f. **Specifications of damaged buildings and detailed repair estimates**;

In *Eichaker v. Fidelity National Prop. and Cas. Ins. Co.,* 2008 WL 2308959 (E.D. La. 06/0308), the plaintiff submitted a timely proof of loss but did not attach any supporting documentation. The plaintiff filed suit against Fidelity asserting that Fidelity breached the SFIP by failing to properly compensate the plaintiff for his flood loss. The plaintiff also submitted a proof of loss to Fidelity. Fidelity subsequently filed a motion for summary judgment asserting that the plaintiff is barred from asserting SFIP claims because he failed to (1) attach specifications of damaged buildings and detailed repair estimates to his proof of loss as required by Article VII(J)(4)(f); and (2) provide Fidelity with supporting of his losses as required by Article VII(J)(3). The plaintiff argued in opposition that the SFIP does not require that supporting documentation of losses be attached to a proof of loss, nor does it require that supporting documentation of losses be submitted prior to filing a lawsuit. The plaintiff further argues that he provided Fidelity with a timely sworn proof of loss and thereafter provided Fidelity supporting documentation of losses, i.e., a public adjusters' estimate, and claims he satisfied the SFIP's requirements and is therefore not barred from asserting SFIP claims.

This Honorable Court ultimately rejected the plaintiff's arguments and granted summary judgment in favor of Fidelity by ruling as follows:

> Mere notice of the claim on the proof of loss form is insufficient to satisfy the insured's obligations under the SFIP. See *Sun Ray Village Owners Assoc. v. Old Dominion Ins. Co.,* 2008 WL 846123, at *5 (N.D. Fla. 03/28/08). An insured must provide his insurer with some means by which to verify the amounts claimed in the insured's proof of loss. Id. Article VII(J)(4)(f) of the SFIP requires that insured submit detailed estimates with his proof of loss. Id. (emphasis added)
>
> * * * * *
>
> Although the quality and character of an insured's estimate will vary depending on the facts of each case, the language of the SFIP indicates that, at a minimum, insureds must identify the components of the insured building which have been damaged and then estimate the cost or repairing each damaged component. These estimates may consist of contractors' estimates or the insured's own valuation of the cost of repair based on his personal knowledge or research.
>
> * * * * * *
>
> Deborah Price ("Price"), vice president of claims for Fidelity, states in her own sworn affidavit that, although Eichaker provided Fidelity with a proof of loss, he failed to attach any additional proper supporting information and/or documentation to support his request for additional benefits. Considering the fact that Eichaker fails to present sufficient summary judgment evidence to refute Price's statement and establish that he complied with Article VII(j)(4) of the SFIP, Eichaker is barred from asserting SFIP claims and Fidelity is entitled to judgment as a matter of law. (emphasis added). [40]

Also, In *Ottallah v. State Farm Fire & Cas. Co.,* 07-05188, 2008 WL 3539667 (E.D. La. 07-31-08) at *3, Judge Berrigan opined that strict compliance of the SFIP proof of loss provision is a prerequisite to recovery under any SFIP and therefore, documentation that is not submitted in conjunction with a Proof of Loss bars recovery. In *Ottallah*, the plaintiff filed suit against State Farm asserting that payments for building coverage was inadequate for the amount of damage

[40] *See also Richardson v. American Bankers Ins. Co. of Florida*, 279 Fed. Appx. 295, 298 (5th Cri. 2008); *Foreman v. FEMA*, 138 F. 3d 543, 545-546 (5th Cir. 1998); *Lauga v. Fidelity Nat. Ins. Co*., 2009 WL 1808769, *1 (E.D. La. 6/18/09); *Allen v. Allstate Ins. Co.,* 2009 WL 651337, *1 (E.D. La. 3/11/09); *Lewis v. Allstate Ins. Co*., 2009 WL 498509, *2 (E.D. La. 2/26/09); *Markey v. Louisiana Citizens Fair Plan*, 2009 WL 23858, *2-3 (E.D. La. 1/5/09); *Trosclair v. State Farm Fire and Cas. Co.,* 2008 WK 5157715, *3 (E.D. La 12/9/08); *Rouzan v. State Farm Fire and Cas. Co.,* 2008 WL 5169576, *1 (E.D. La. 12//8/08); *Rouzan v. State Farm Fire and Cas. Co*., 2008 WK 5169576, *1 (E.D. La. 12/8/08); *Treme Cottages Inc. V. Fidelity Nat. Ins. Co*., 2008 WL 4974660, *1 (E.D. La. 11/19/08); *Bijou v. Fidelity National Prop. and Cas. Ins. Co*., 2008 WL 4889330, *1 (E.D. La. 11/12/08); *Kurz v. Travelers Prop. Cas. Ins. Co.,* 2008 WL 4682285, *2 (E.D. La. 10/20/08). *(*Prior to filing suit, an insured must provide the insurer with supporting documentation-in addition to the proof of loss form.) Please note that this is not an exhaustive list but rather a sampling of the documentation issue case law.

that he believed his property had sustained. State Farm received a Proof of Loss from plaintiff on August 30, 2006, and no supporting documents were attached to the Proof of Loss. The plaintiff submitted to State Farm a flood repair estimate eighteen (18) months after submitting a Proof of Loss and then submitted receipts twenty two (22) months after submitting a Proof of Loss. State Farm filed its Motion for Summary Judgment arguing that plaintiff's failure to strictly comply with the requirements of Article VII(J) preclude recovery in that plaintiff did not provide any documentation beyond the POL form until January 10, 2008. The court noted that "…there was no verifying documentation provided in conjunction with the POL, and the POL form by itself is insufficient to meet the burden imposed on insureds by the SFIP regulations." The court further noted that, "…the documentation must be provided at the time the POL is filed with the WYO carrier to be considered sufficient under the statute."

In the instant case, Plaintiffs neither submitted a sufficient Proof of Loss swearing to a sum certain, nor any supporting documentation in conjunction with a Proof of Loss.[41] Further, as stated above, Plaintiffs did not submit any type of documentation to State Farm pursuant to their SFIP prior to filing the instant lawsuit.[42] Thus, Plaintiffs have failed to comply with Articles VII(J)(3) and VII(J)(4)(f). Therefore, Plaintiffs are barred from recovery.

**IV. Article VII(R)**

Article VII(R) of the SFIP requires the insured to comply with "**all**" of the SFIP's requirements **before** filing the lawsuit. Failure to comply with "all" of the SFIP's requirements, including the proof of loss and documentation requirements "divests" the insured of the right to even bring the lawsuit.[43] In the instant matter, Plaintiffs have failed to comply with Articles

---

[41] *See* Ex. A, Nos. 17 and 18.
[42] *See* Ex. A, Nos. 17.
[43] *Mancini v. Redland Ins. Co.*, 248 F. 3d. 729, 735 (8th Cir. 2001).

VII(J)(3), VII(J)(4) and VII(J)(4)(f). Thus, Plaintiffs are divested of the right to bring this lawsuit and Plaintiffs' claim fails as a matter of federal law.

**V. Preemption of State Law Based Claims**

In the Plaintiffs' Complaint, Plaintiffs alleges various causes of state law based actions against State Farm, therefore seeking attorneys' fees, expenses, penalties, costs and interest, amongst other damages.[44]

Congress, at 42 U.S.C. §4019 delegated exclusive authority to FEMA to determine, by regulation, the rules that would govern the adjustment of NFIP claims.[45] FEMA promulgated pervasive regulations governing this topic decades ago, and these regulations are found throughout 44 C.F.R. Pts. 61 and 62. Notably, it was §4019 and the regulations adopted pursuant to it that the Fifth Circuit examined in *West* when it held that an attorney's fees claim arising from Louisiana state law could not be allowed even where the plaintiff was successful in an NFIP claims dispute.[46]

More recently, in 2005, the Fifth Circuit ended all possible debate over the question of preemption in the context of NFIP claims handling disputes. As per *Wright* and *Gallup v. Omaha Prop. and Cas. Ins. Co.,* 434 F.3d 341 (5th Cir. 2005)*,* all such state-law based tort and extra-contractual claims are indeed preempted and barred.[47] Further, because U.S. Treasury funds are used to pay claims made under the SFIP, any claim for interest is preempted.[48]

---

[44] *See* Complaint, Prayer for Relief.
[45] *West,* 573 F. 2d at 880.
[46] *Id*. at 880-81.
[47] *Wright* is based on pre-2000 flood policies and the theory of conflict preemption. *Gallup* is based on post-2000 policies and the theory of express preemption.
[48] *See In re Estate of Lee*, 812 F.2d 253 (5th Cir. 1987); *Newton v. Capital Assur. Co., Inc.,* 245 F3d 1306 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001); and *Sandia Oil Co., Inc. v. Beckton*, 889 F.2d 258 (10th Cir. 1989).

## CONCLUSION

For the reasons contained herein, State Farm respectfully prays that Plaintiffs' suit be dismissed with prejudice and at the Plaintiffs' costs.

RESPECTFULLY SUBMITTED, this the _20th_ day of October, 2009.

**STATE FARM FIRE & CASUALTY COMPANY, Defendant**

**BY: NIELSEN LAW FIRM, L.L.C.**

*/s/ Kristie Luke Mouney*________
Kristie Luke Mouney, La. S.B. #29958
Kim Tran Britt, La.S.B. #24896
Gerald J. Nielsen, (T.A) La. S.B. #17078
3838 North Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
T: (504) 837-2500; F: (504) 832-9165
Email: kluke@nielsenlawfirm.com

Sherrie L. Moore, MSB No. 10723
Michael C. McCabe, Jr., MSB No. 101548
Allen, Cobb, Hood & Atkinson, P.A.
One Hancock Plaza, Suite 1212
Post Office Drawer 4108
Gulfport, MS 39502-4108
Telephone: (228) 864-4011
Facsimile: (228) 864-4852

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned attorney for Allen, Cobb, Hood & Atkinson, P.A. has this day served a copy of the above and foregoing ***MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT*** upon counsel of record and other interested persons noted below via electronic service unless otherwise indicated as follows:

**ATTORNEY FOR PLAINTIFFS:**

**John Hawkins, Esq.**
**Edward Gibson, Esq.**
**BARIA, HAWKINS & STRACENER, PLLC**
**544 Main Street**
**Bay St. Louis, MS 39520**

**Brehm T. Bell, Esq.**
**544 Main Street**
**Bay St. Louis, MS 39520**

**SO CERTIFIED**, this the 20th day of October, 2009.

*s/ Michael McCabe*______________
**MICHAEL C. MCCABE, JR.**

**ALLEN, COBB, HOOD & ATKINSON, P.A.**
**Attorneys at Law**
**One Hancock Plaza, Ste. 1212**
**Post Office Drawer 4108**
**Gulfport, MS 39502**
**Tele: (228) 864-4011**
**Fax : (228) 864-4852**