IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARK KIDD AND BUFFIE KIDD**                                                                 **PLAINTIFFS**

V.                                                          CIVIL ACTION NO. 1:08cv1443 LG-RHW

**STATE FARM FIRE AND CASUALTY CO.,
MIKE MEYERS, Individually, and as Agent
of STATE FARM FIRE AND CASUALTY COM.
and JOHN DOES 1-10.**                                                                         **DEFENDANTS**

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR DECLARATORY RELIEF

INTRODUCTION

The Plaintiffs respectfully submit this Memorandum of Law in support of its Motion for Declaratory Relief. The Motion is brought in accord with Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. Herein, the Plaintiffs seek a declaration of the rights of the parties under contract, to wit, the Standard Flood Insurance Policy administered by the Defendant State Farm Fire and Casualty Insurance Company. The Plaintiffs by correspondence to the Defendants' counsel invoked the appraisal clause and the Defendants have breached their obligations under the contract by declining to enter into the appraisal process. For the reasons submitted in this memorandum, the Court should grant the Plaintiffs Motion for Declaratory Relief.

FACTUAL BACKGROUND

On August 29, 2005, the Plaintiffs suffered extensive and near total damage to their home at 1101 Taranto Street, Waveland, MS, 39576. At the time of the loss, the Plaintiffs' home was insured under a SFIP administered by the Defendant, State Farm Fire and Casualty Company. See Exhibit "A" of Plaintiffs' Motion for Declaratory Relief. The policy provided coverage in an amount equal to or exceeding $125,000.00. See Exhibit "B"of Plaintiffs' Motion for Declaratory Relief. . On or about

September 12, 2005, State Farm Adjuster Brian Hart performed an inspection on Plaintiffs' property. Said adjuster was retained by Defendant State Farm ostensibly to investigate Plaintiffs' claims. While not disputing Plaintiffs' claims, Adjuster Hart consistently undervalued the dollar amount of their claims. Though State Farm paid Plaintiffs the policy limits under the coverage for their personal property contained in their flood policy, they continued to dispute the repair/replacement costs of the structure. Even though Plaintiffs submitted receipts indicating the actual costs, State Farm continued to deny the balance of Plaintiffs' claims. on or about July 24, 2008, the Plaintiffs made demand upon the Defendants for the remaining policy, $32,891.43. State Farm did not respond.

Failing to receive any response from State Farm, the Plaintiffs filed suit against State Farm. In its answer to the Complaint, the Defendant asserted that some or all of the damage was caused by a non-covered peril, to wit, wind driven rain. See Affirmative Defense Thirty-Fourth Defense. Now, State Farm contends that it does not dispute the cause of the loss, only the scope of the loss. Exhibit "B". Thereafter, the Plaintiffs provided over $135,000.00 in receipts to State Farm, first informally in an effort to resolve the action and thereafter as a formal discovery response. State Farm has denied that it owes the policy limits under the flood claim.

The Plaintiffs then failed to reach an amicable resolution of the claim at mediation. On October 8th, 2009, the Plaintiffs by written letter to Michael McCabe invoked the appraisal clause. See Exhibit "C" of Plaintiffs' Motion for Declaratory Relief. The appraisal clause states in part:

> If you and we failed to agree on the actual cash value or, if applicable, replacement cost of your damaged property to settle upon the amount of loss, then either may demand an appraisal of the loss. In this event, you and we will each choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they can agree upon an umpire with 15 days, you or we may request that the choice be made by a judge of a court of record in the State where the property is located. The appraisers will separately state the actual case value, the replacement

> cost and the amount of the loss to each item. If the appraisers submit a written report of agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their difference to the umpire. A decision agreed to by any two will set the amount of actual cash value and loss, or if it applies, the replacement cost and loss.
> Exhibit "A"

On or about October 9th, the Defendants through counsel tortiously interfered with the Plaintiffs' contract with the United States Government, stating, "State Farm cannot consider going to Appraisal pursuant to your clients' Standard Flood Insurance Policy." Exhibit "D" of Plaintiffs' Motion for Declaratory Relief. . Alternatively, State Farm has breached the contract with the Plaintiffs. Based upon this breach, the Plaintiffs seek declaratory relief, enforcing the provision of the federal contract, or alternatively, grant the Plaintiff leave of court to amend the complaint to add counts for tortious interference with contract or alternatively breach of contract.

## ARGUMENT

**A.    Declaratory Relief in General**

Federal statute holds that:

> any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 22 U.S.C.A. § 2201.

When considering whether or not to issue a declaratory judgment, a district court must consider three questions. First the Court considers whether an actual controversy exists between the parties. Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir.2000). Additionally, the Court must determine it has jurisdiction over the controversy. Oklahoma Sur. Co. v. Williams, 483 F. Supp. 541, 543. (W.D. Tex. 2006). Finally the Court must decide that the Court should not abstain from adjudicating the controversy. Id. It should be noted that Rule 57 and 28 U.S.C. § 2201 are often used vehicles for resolving coverage provisions in insurance contracts. See for example, P&C Insurance

Company v. Sanders, et al., Civ. Action 3:05-00460 (S.D. Miss. 2005).

In this case, it cannot be disputed that an actual controversy exists. The Plaintiffs have sought to invoke a provision in the policy and the Defendants have declined to honor the provision of the policy. Moreover, it is undisputed that the Court has jurisdiction over the matter in that the controversy invokes a federal law and involves parties of diverse states. Finally, given the federal courts long standing record of resolving insurance coverage disputes, it is clear that abstention is not warranted.

### B.    The Appraisal Clause

In a declaratory action in Texas State Court regarding the appraisal clause, the Texas Court opined, "An appraisal clause binds the parties to have the extent or amount of the loss determined in a particular way." State Farm Lloyds v. Johnson, 290 S.W.3d 886 (Tex. 2009). The Court further ruled, "Like any other contractual provision, appraisal clauses should be enforced." Id. Judge Senter has ruled that, "Appraisal clauses embedded in property insurance contracts are enforceable under applicable Mississippi law." Kuehn v. State Farm Fire and Casualty Company, Civil Action No. 1:08CV577 LTS-RHW (S.D. Miss. Aug. 17, 2009). The Court went on, ruling that, "Both parties to an insurance contract containing an appraisal provision have a duty to act in good faith and to make a reasonable effort to comply with this provision of the contract." Id. Enforcing the appraisal clause after the onset of litigation, the Fifth Circuit opined, "Nothing in the clause or the contract as a whole establishes a time limit for invoking the appraisal clause. Contractual clauses cannot be evaded by racing to the courthouse, and appraisal and arbitration clauses are routinely invoked during litigation." Dwyer v. Fidelity Nat. Property and Cas. Ins. Co., 565 F.3d 284 (5th Cir. 2009).

When State Farm filed its Answer, it appeared from its affirmative defenses that State Farm would contend that the cause of the loss in this case was caused by wind, where, it had, in literally thousands of other cases, concluded that the cause of the loss was all water. See Defendants' Answer

and Affirmative Defenses, Thirty-Fourth Defense. Based on this defense, and because the Plaintiff knew through undersigned counsel that the Defendant had declined to accept appraisal where the cause of the loss was at issue, the Plaintiff did not elect to invoke the appraisal clause. However, that decision was reversed based on two key issues. First, it has become apparent that State Farm does not dispute the cause of the loss but rather the scope of the loss. Since the scope or the amount of the loss is at issue, appraisal is appropriate. Moreover, this Court recently upheld the Plaintiffs right to seek appraisal. In the case of Keuhn the Court has held where the cause of the loss is not the issue but rather the amount to paid under the policy, the appraisal clause is appropriate.

Here the Plaintiffs contend that they are due the full amount of their flood insurance proceeds, which amounts to approximately $33,000.00. The Defendants have paid all of the contents under the policy and approximately $90,000.00 under the dwelling coverage. Since the only real dispute is whether or not the receipts provided by the Plaintiff and the description of the loss made by the Plaintiff is the appropriate measure of damages, appraisal is an appropriate method of efficiently resolving this dispute. It is exactly what the clause was designed to do. There is no conceivable argument for not complying with the contract provision. The Plaintiffs specifically reserve the right to address these and any other issues raised by the Defendants in their reply briefs.

## CONCLUSION

For the reasons submitted herein, the Plaintiffs respectfully request that the Court grant the Plaintiffs' Motion for Declaratory Relief, finding the appraisal clause, specifically subsection P of Section VII of the General Conditions Section is a valid and enforceable contract provision under these circumstances.

Respectfully submitted, this the 20th day of October, 2009,

PLAINTIFFS, MARK and BUFFIE KIDD

BY:    *s/ Edward Gibson*<br>
EDWARD GIBSON

**OF COUNSEL:**

John F. Hawkins, Esq. (MSB# 9556)
Edward Gibson, Esq. (MSB# 100640)
*HAWKINS, STRACENER & GIBSON, PLLC*
544 Main Street
Bay St. Louis, Mississippi 39520
Ph. (228) 469-0785; Fx. (228) 466-9233

Brehm T. Bell, (MSB# 8433)
*BREHM T. BELL, PLLC*
544 Main Street
Bay St. Louis, Mississippi 39520
Ph. (228) 467-0006; Fx. (228) 466-9233

<b><u>CERTIFICATE OF SERVICE</u></b>

I, Edward Gibson, hereby certify that on this day, I caused to be filed, via the ECF filing system, a true and correct copy of the above and foregoing Memorandum in Support of Plaintiffs' Motion for Declaratory Relief which in turn forwarded a copy to all counsel of record as indicated below:

>Sherrie Moore, Esq.
>Michael McCabe, Esq.
>Allen, Cobb, Hood & Atkinson, P.A.
>P.O. Drawer 4108
>Gulfport, MS 39502-4108
>
>Kristie Luke Mouney, Esq.
>Nielsen Law Firm, LLC
>3838 North Causeway Blvd., Ste 2850
>Metairie, LA 70002

I further certify that there are no non-ECF counsel.

SO CERTIFIED, this the 20th day of October, 2009,

*s/ Edward Gibson*<br>
EDWARD GIBSON