**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MARK KIDD AND BUFFIE KIDD**                                               **PLAINTIFFS**

**V.**                                                  **CIVIL ACTION NO. 1:08cv1443 LG-RHW**

**STATE FARM FIRE AND CASUALTY CO.,
MIKE MEYERS, Individually, and as Agent
of STATE FARM FIRE AND CASUALTY COM.
and JOHN DOES 1-10.**                                                      **DEFENDANTS**

_____

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION**
_____

Plaintiffs Mark and Bruffie Kidd, through undersigned counsel, respectfully file the following

Memorandum in Support of Motion for Reconsideration of the Opinion and Order Granting State

Farm's Motion for Summary Judgment [52].  In support thereof, the Plaintiffs state as follows:

**I.      INTRODUCTION**

Plaintiffs submit that  the requirements of the Standard Flood Insurance Policy (SFIP)

have been satisfied pursuant to Provision VII.J.9., and that accordingly, Plaintiffs respectfully request

that the Order Granting State Farm's Motion for Summary Judgment be vacated.

**II.     FACTUAL BACKGROUND**

On or about August 26th, 2008, the Plaintiffs filed their Complaint against Defendant State

Farm Fire and Casualty Company ("State Farm"), _inter alia_.  Exhibit "A".  Plaintiffs alleged numerous

causes of action in its complaint against the Defendants,  including claims that Defendant State Farm

breached its contractual duty by failing to adequately and fairly adjust Plaintiffs' claims under the flood

policy.  On or about November 24, 2009, this court entered its Memorandum Opinion and Order

Granting State Farm's Motion for Summary Judgment.

## Facts

Plaintiffs Mark and Buffie Kidd purchased the subject property, located at 1101 Taranto St., Waveland, prior to Hurricane Katrina and, based upon the MDA's evaluation, the property held an estimated pre-storm value of $175,000.00. See Plaintiffs' Response to Interrogatory No. 16, attached as Exhibit "B".

The Kidds carried Flood Insurance with State Farm when Hurricane Katrina hit the Mississippi Gulf Coast on August 29, 2005. See the Certified Flood Policy and Underwriting, attached *en globo* as Exhibit "C" at page FL UW 002. It is undisputed that the Plaintiffs' flood policy was renewed annually and that the policy in question was in full force and effect on August 29, 2005. See Exhibit "C" at page FL UW 002.

The Standard Flood Insurance Policy (SFIP) includes the following language in its "Requirements in Case of Loss":

> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> ...
>
> i. The inventory of damaged personal property described in J.3. above.
>
> ...
>
> 9. **At our option, we may accept the adjuster's report** of the loss instead of your proof of loss. [Emphasis added] The adjuster's report will include information about your loss and the damages you sustained. You must sign the adjuster's report.
>
> See Exhibit "C" at Section VII.J.

On August 29, 2005, Plaintiffs' residence and other properties located at 1101

Taranto St., Waveland, Mississippi, suffered substantial destruction as a result of Hurricane Katrina.

Defendant State Farm's own adjustor acknowledged that "water came up to 10' in side.  all contents

damg."  See the State Farm Flood Claim File, attached as Exhibit "D" at page 100018; see also the

photographs attached *en globo* as Exhibit "E".

At the time of the loss, the Kidds' flood policy provided limits of $125,000.00 for the

dwelling and $50,000.00 for the contents.  See Exhibit "C" at page FL UW 002.  The policy also

included Coverage C Other Coverages and Coverage D for the Increased Cost of Compliance.  See

Exhibit "C" at page FL UW 002.

On or about September 1, 2005, Plaintiffs notified Defendant State Farm of their

loss.  See Exhibit "D" at page 100019.

On or about September 27, 2005, Defendant State Farm sent its adjustor to inspect

the property.  See Exhibit "D" at page 100018. On or about October 11th, 2005, State Farm Adjustor

Brian Hart prepared and **submitted his report** on the dwelling and sought authorization to issue

payment for the dwelling to the Plaintiffs.  See Exhibit "D" at pages 100018 and the Report, at pages

100058 to 100072.  Plaintiff Mark Kidd signed the Report.  See Exhibit "D" at page 100071.

Between October 12th and October 17th, 2005, State Farm's Management **accepted and**

**approved the report** and issued payment to the Plaintiffs for the dwelling in an amount of $92,108.67

on October 17th, 2005.  See Exhibit "D" at page 100017 and also the check for the dwelling, attached

as Exhibit "F".

The payment of $92,108.67 for the dwelling comprised an amount insufficient to

make the Plaintiffs whole and more than $30,000.00 shy of the dwelling policy limits.  See Exhibit "F"

and the Plaintiffs' Repair Receipts, attached *en globo* as Exhibit "G".  Plaintiffs have provided the

receipts to Defendant State Farm.  See Plaintiffs' Response to State Farm's Request for Production of

Documents, attached as Exhibit "H".

On or about July 24, 2008, Plaintiffs' counsel informed Defendants that the repairs

to Plaintiffs' property which were necessary as a result of Hurricane Katrina were complete and as a

result, requested payment for the balance of the policy limits.  See Exhibit "D" at page 100119.  When

no such payment was issued by the Defendants, Plaintiffs filed suit on August 26th, 2008.  See Exhibit

"A".

Plaintiffs' receipts from their repairs document expenditures exceeding $136,000.00,

an amount far in excess of the approximately $92,000.00 issued by the Defendant State Farm for the

dwelling.  See the Receipts, attached *en globo* as Exhibit "G" and the check attached as Exhibit "F".

Defendant State Farm has paid the Plaintiffs a total of only $92,108.67 for flood

damage to the dwelling despite dwelling policy limits of $125,000.00, State Farm's own

acknowledgment that there were more than 10 feet of water in Plaintiffs' one-story residence, the

MDA's estimate that the dwelling maintained a pre-storm value of $175,000.00, Plaintiffs' compliance

with the terms of the Flood Policy, and the fact that the Plaintiffs have provided State Farm with receipts

reflecting more than $136,000.00 paid for repairs to the dwelling.

The Court in its Opinion and Order Granting State Farm's Motion for Summary Judgment

stated- contrary to Plaintiffs' Response in Opposition to Motion for Summary Judgment- that, "the

Kidds claim that they have 'accepted' the adjuster's report, yet they have filed this lawsuit seeking

additional coverage under the policy."  See the Order at page 3.  The opinion did not address Plaintiffs'

actual assertion which was that, under Section VII.J.9 of the policy., the **insurance company** has the

option of accepting the adjuster's report of the loss instead of the policy holder's sworn proof of loss.

See the Response in Opposition to Summary Judgment at pages 6-7, the Order, and the Flood Policy

attached as Exhibit "C".   Nor did the opinion address whether the insurance company did, in fact, accept the adjuster's report of the loss.   See the Order.   The court's opinion on the issue concluded by finding that the Plaintiffs' suit should be dismissed because no sworn proof of loss was submitted by August 29, 2006.   See the Order at pages 4-5.

**III.    <u>BURDEN OF PROOF</u>**

A Motion for Reconsideration filed within ten days of judgment is treated as a  motion to alter or amend under Rule 59(e).   *Hussey v. Fidelity and Guaranty Life Insurance Company*, 560 F.Supp.2d 493 (S.D.Miss. June 11, 2008), Order Denying Motion July 25, 2008.   Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend.   *Edward H. Bohlin Co. v. Banning Col, 6 F.3d 350, 353, 355* (5th Cir. 1993).   A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."   *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).   However, "because the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."   *Travelers Property Casualty Company of America v. Federated Rural Electric Insurance Exchange*, 3:08-CV-83, 2009 WL 2900027 (S.D.Miss. Sept. 3, 2009), citing *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 185 (5th Cir. 1990).

The Court's Order errs in fact and in law because it identifies the issue as whether the  Kidds accepted the adjuster's report. See the Order at page 3.  However, pursuant to the language of Section VII.J.9. of the SFIP Policy, the proper issue before the Court is whether the insurer State Farm accepted the adjuster's report of the loss.

IV.    **ARGUMENT**

The basis of Plaintiffs' Motion for Reconsideration is that the Court did not consider the primary basis upon which Plaintiffs assert their compliance with the terms of the SFIP Policy. Plaintiffs' case against Defendant State Farm has been dismissed in part on grounds that the Plaintiffs failed to satisfy the proof of loss requirement prior to filing suit. See the Memorandum and Opinion at page 5. Plaintiffs respectfully submit that the requirements of the SFIP policy have in fact been satisfied pursuant to section VII.J.9. of the SFIP Flood Policy. See Exhibit "C". While the Opinion and Order considered the language of the press release issued by the Acting Federal Insurance Administrator's partial waiver of the proof of loss requirement addressing "where the policyholder agrees", the Opinion did not analyze the language of Section VII.J.9. where the policy concludes the "Requirements in Case of Loss" with: "**At our option**, we may accept an adjuster's report of the loss instead of your proof of loss." See the Memorandum and Opinion at page 3 and Exhibit "C" at Section VII.J [emphasis added]. It is upon this basis that Plaintiffs seek reconsideration of the Order Granting Summary Judgment.

Plaintiffs submit that there are two options available for satisfying the reporting requirements in case of loss pursuant to the SFIP Flood Policy: 1) Pursuant to Section VII.J.4., policy holders may send a sworn proof of loss to the insurer, or 2) Pursuant to Section VII.J.9., the insurer may accept the adjuster's report of the loss as a substitute for the policy holder's report of the loss. See Exhibit "C". The Kidds have demonstrated compliance with the second option.

The Kidds' claim involves the National Flood Insurance Program (NFIP), which Congress created to provide insurance coverage at or below actuarial rates. *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). FEMA operates the program, and it is supported by the federal treasury. *Id*. Flood insurance policies can be issued directly by FEMA or through private insurers known as "Write Your Own" (WYO) companies. *Id*. State Farm issued the policy to the Kidds as a WYO company. FEMA

fixes the terms and conditions of all federal flood insurance policies, including the policy issued to the

Kidds. *Richardson v. American Bankers Insurance Company of Florida*, 279 Fed.Appx. 295 (5th Cir.

2008). Policies must be issued in the form of a Standard Flood Insurance Policy (SFIP) and no

provision of the policy can be altered, varied, or waived without the express written consent of the

Federal Insurance Administrator. 44 C.F.R. § 61, app. A(2), art. VII.D.

A genuine issue of material fact is shown as to the question of whether the Plaintiffs complied

with terms of the insurance contract. It is undisputed that Plaintiffs notified Defendant State Farm of

their loss in September of 2005, that State Farm Adjustor Brian Hart prepared a report of the loss on

or about October 11, 2005, that the report was accepted and approved by State Farm's management on

or about October 17th, 2005, and that payment for the dwelling was issued to the Plaintiffs on or about

October 17th, 2005. See Exhibit "D" at pages 100017 to 10018 and the Report at pages 100058 to

100072. The fact that the insurer issued payment to the Plaintiffs for the loss to the dwelling

demonstrates that the insurer did in fact accept the adjuster's report of the loss as a substitute for the

Plaintiffs' submission of a Proof of Loss, thereby relieving the Plaintiffs of said duty.

Moreover, it is a well established tenet of contractual law that contracts- including insurance

contracts- must be construed against the drafter. See U.S. v. Seckinger, 397 U.S. 203 at 210 (U.S.

1970). Specifically, as stated by the Northern District of Mississippi:

> Insurance contracts, like all other contracts, are to be construed
> exactly as written when its terms are clear and unambiguous.
> *Davenport v. St. Paul Fire and Marine Ins. Co.*,
> 978 F.2d 927, 930 (5th Cir.1992); *Foreman v. Continental
> Casualty Co.*, 770 F.2d 487, 489 (5th Cir.1985)...However, if
> ambiguities exist, they are to be strictly construed against the
> drafter, which is normally the insurance company.
> *Nichols v. Shelter Life Insurance Co.*, 923 F.2d 1158, 1162
> (5th Cir.1991); *Merchants Co. v. American Motorists Ins.
> Co.*, 794 F.Supp. 611, 618 (S.D.Miss.1991); *Lowery v.
> Guaranty Bank and Trust Co.*, 592 So.2d 79, 82 (Miss.1991).

*North River Ins. Co.* v. M.M. Winkler and Associates,
1994 WL 189012 at *2 (N.D. Miss 1994).

Accordingly, the interpretation of the terms of the flood insurance policy should be strictly construed against the insurer, not the Plaintiffs.

Defendants argued that Plaintiffs failed to submit a Proof of Loss, failed to submit documentation in support of their loss, and failed to fulfill these requirements prior to filing suit.  See Reply Memorandum in Support of Motion for Summary Judgment at page 1.  However, Plaintiffs have demonstrated all the reasons that there is a genuine issue of material fact as to whether the Plaintiffs satisfied the requirements of the Flood Policy at issue.  This would include the requirement for documentation because said requirement falls within the definition of the Proof of Loss within Section VII.J.4.  See Exhibit "C" at Section VII.J.4.i.  After all, the Plaintiffs have proven their satisfaction of the second option for reporting a loss- through an insurer's acceptance of the adjuster's report pursuant to Section VII.J.9.  They have therefore shown the basis for finding complete compliance with the terms of the policy prior to filing suit.  It should also be noted that Defendant State Farm is currently in possession of the receipts documenting Plaintiffs' losses.  See Exhibit "H".

Respectfully, the Court erred when the Court focused on whether the *Kidds* accepted the adjuster's report of the loss rather than whether the *insurer* accepted the adjuster's report of the loss.  The Order and Opinion stated that "the Kidds claim that they have 'accepted' the adjuster's report, yet they have filed this lawsuit seeking additional coverage under the policy."  See the Order at page 3.

Plaintiffs demonstrated within their Response in Opposition to State Farm's Motion for Summary Judgment the basis for finding the *insurer* accepted the adjuster's report of the Plaintiffs' loss-based upon the facts that Plaintiffs notified Defendant State Farm of their loss in September of 2005, that State Farm Adjustor Brian Hart prepared a report of the loss on or about October 11, 2005, that

the report was accepted and approved by State Farm's management on or about October 17th, 2005, and that payment for the dwelling was issued to the Plaintiffs on or about October 17th, 2005. See the Plaintiffs' Response in Opposition. However, this issue was not considered within the Court's Opinion and Order Granting State Farm's Motion for Summary Judgment. See the Plaintiffs' Response in Opposition and the Order and Opinion Granting State Farm's Motion for Summary Judgment.

Rather, the Opinion and Order focused on whether the Kidds accepted the adjuster's report of the loss, which the Plaintiffs assert is irrelevant because acceptance of an adjuster's report by a policy holder is not a contractual term of the SFIP Flood Policy. See the Order at page 3 and Exhibit "C". The term of the insurance policy in question concerns whether the *insurer* has accepted the adjuster's report of the loss because it states: "**At our option, we may accept** an adjuster's report of the loss instead of your proof of loss." See Exhibit "C" at Section VII.J.9. [Emphasis added].

Accordingly, Plaintiffs seek reconsideration of the Order Granting Summary Judgment because of the facts demonstrating the Plaintiffs' compliance with the Flood Policy's terms pursuant to Section VII.J.9. and because the Court did not address this basis for compliance in its Order.

Plaintiffs' evidence as set forth herein clearly illustrates that there are genuine issues of material fact demonstrating Plaintiffs' compliance with the requirements of their SFIP Policy. On this basis, and the additional facts demonstrating the inadequate adjustment of the Plaintiffs' dwelling loss by more than $30,000.00 which is all documented in receipts- Plaintiffs respectfully request that the Order Granting Summary Judgment be vacated.

WHEREFORE PREMISES CONSIDERED, the Plaintiffs respectfully request that Memorandum Opinion and Order Granting State Farm's Motion for Summary Judgment be reconsidered and vacated.

Respectfully submitted, this the 8th day of December, 2009.

PLAINTIFFS, MARK and BUFFIE KIDD

BY:_____s/ Rose M. Hurder_____
ROSE M. HURDER

**OF COUNSEL:**

John F. Hawkins, Esq. (MSB# 9556)
Edward Gibson, Esq. (MSB# 100640)
Rose M. Hurder (MSB# 103040)
*HAWKINS, STRACENER & GIBSON, PLLC*
544 Main Street
Bay St. Louis, Mississippi 39520
Ph. (228) 469-0785; Fx. (228) 466-9233

Brehm T. Bell, (MSB# 8433)
*BREHM T. BELL, PLLC*
544 Main Street
Bay St. Louis, Mississippi 39520
Ph. (228) 467-0006; Fx. (228) 466-9233

## <u>CERTIFICATE OF SERVICE</u>

I, Rose M. Hurder, hereby certify that on this day, I caused to be filed, via the ECF filing system, a true and correct copy of the above and foregoing Memorandum in Support of Motion for Reconsideration which in turn forwarded a copy to all counsel of record as indicated below:

> Sherrie Moore, Esq.
> Michael McCabe, Esq.
> Margaret McArthur, Esq.
> Allen, Cobb, Hood & Atkinson, P.A.
> P.O. Drawer 4108
> Gulfport, MS 39502-4108
>
> Kristie E. Luke, Esq.
> Nielson Law Firm
> 3838 North Causeway Blvd., Suite 2850
> Metairie, LA 70002

SO CERTIFIED, this the 8th day of December, 2009.

*s/ Rose M. Hurder*
_____
Rose M. Hurder

-11-