# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARK KIDD and BUFFIE KIDD** | § | **PLAINTIFFS** |
| | § | |
| v. | § | Civil Action No. 1:08CV1443-LG-RHW |
| | § | |
| **STATE FARM FIRE AND** | § | |
| **CASUALTY CO. and** | § | |
| **JOHN DOES 1-10** | § | **DEFENDANTS** |

## ORDER DENYING MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the plaintiffs' Motion for Reconsideration [54] of this Court's Memorandum Opinion and Order [52] granting summary judgment in favor of State Farm. Summary Judgment was granted in favor of State Farm due to the plaintiffs' failure to submit a proof of loss in support of their flood insurance claim. Upon reviewing the Motion and the applicable law, the Court finds that the Motion for Reconsideration must be denied.

### DISCUSSION

Pursuant to Fed. R. Civ. P. 59(e), a motion for reconsideration may only be granted if (1) there is a need to correct a manifest error in law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion should not be used to relitigate matters that should have been argued earlier, or that simply were not resolved to the movant's satisfaction. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

The plaintiffs argue that the following language in their insurance policy relieved them from submitting a proof of loss: "At our option, we may accept an adjuster's report of the loss

instead of your proof of loss." (Ex. C to Pls.' Mot.) The plaintiffs argue that since State Farm accepted the adjuster's report, they were not required to submit a proof of loss. They have not submitted any legal authority that supports this argument. Furthermore, the plaintiffs' interpretation of this policy language is not reasonable. The policy language does not state that an insured is not required to submit a proof of loss if the insurer accepts the adjuster's report; rather, the policy language actually contemplates that the insured has submitted a proof of loss, since it states, "*instead* of your proof of loss." (emphasis added) This policy language was clearly intended to provide that the insurer is not required to accept the proof of loss submitted by the insured, but instead may conclude that the adjuster's report is more accurate. The plaintiffs have not demonstrated that this Court erred when it dismissed their claim. Therefore, the Motion for Reconsideration must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiffs' Motion for Reconsideration [54] of this Court's Memorandum Opinion and Order [52] granting summary judgment in favor of State Farm is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of December, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
